UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

METROPOLITAN LIFE INSURANCE CO.,

                Plaintiff,

v.                                                                                                  No. 1:18-CV-0920
                                                                                                    (GTS/TWD)
ESTATE OF THOMAS J. SEAGROVE; and
SALLY SEAGROVE,

                Defendants.
_____

APPEARANCES:                                                                        OF COUNSEL:

ROBINSON & COLE LLP                                                         MICHAEL H. BERNSTEIN, ESQ.
  Counsel for Plaintiff
666 Third Avenue, 20th Floor
New York, New York 10017

McNAMEE LOCHNER P.C.                                                    SCOTT BARBOUR, ESQ.
  Counsel for Defendant Estate
677 Broadway
Albany, New York 12207

McPHILLIPS, FITZGERALD & CULLUM, LLP          JAMES E. CULLUM, ESQ.
  Counsel for Defendant Sally Seagrove
288 Glen Street, P.O. Box 299
Glens Falls, New York 12801

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this interpleader action filed by Metropolitan Life Insurance Company ("Plaintiff") against the Estate of Thomas J. Seagrove ("Estate") and Sally Seagrove ("Seagrove") (collectively "Defendants"), is Plaintiff's motion (a) to deposit funds with the court, (b) for discharge from further liability, (c) for dismissal from this action, (d) for attorneys' fees and costs, and (e) for an order enjoining Defendants from taking further legal action against Plaintiff.

(Dkt. No. 11.) For the reasons set forth below, Plaintiff's motion is granted in part, but denied as to attorneys' fees and costs.

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Complaint

On August 3, 2018, Plaintiff filed an Interpleader Complaint against Defendants to resolve Defendants' competing claims to two life insurance policies issued by Plaintiff: Policy No. 901295533UL (consisting of benefits payable in the amount of $95,255.00) and Policy No. 024108745A (consisting of benefits payable in the amount of $8,491.29) (collectively "insurance policy proceeds"). (Dkt. No. 1, at ¶¶ 9-36 [Pl.'s Compl.].) In support of the Interpleader Complaint, Plaintiff alleges that it has no beneficial interest in the proceeds of these policies and that it is unable to determine the validity of Defendants' claims for those proceeds. (*Id.* at ¶ 38-39.)

### B.     The Parties' Briefing on Plaintiff's Motion

#### 1.     Plaintiff's Memorandum of Law

Generally, in its memorandum of law, Plaintiff asserts three arguments. (Dkt. No. 11, Attach. 1, at 3-7 [Pl.'s Mem. of Law].) First, Plaintiff argues that its interpleader action is appropriate because it meets the jurisdictional requirements of 28 U.S.C. § 1335, in that the value of the insurance policies is greater than $500 and there is diversity of citizenship between the two Defendants given that Defendant Estate is a resident of New York and Defendant Seagrove is a resident of Florida. (*Id.* at 3-4.) Plaintiff also argues that it faces a real and reasonable fear of double liability based on Defendants' separate claims to the same insurance policy proceeds and its uncertainty as to who is entitled to those proceeds, as well as the fact that it has not incurred independent liability to either Defendant nor did it create the situation that caused the conflicting

claims (i.e., it is an innocent stakeholder with no beneficial interest in the insurance policy proceeds). (*Id.* at 5.)

Second, Plaintiff argues that the Court should permit it to deposit the insurance policy proceeds into the Court Registry less attorneys' fees and costs it has incurred (in the amount of $5,798.80) because, under Second Circuit law, a disinterested and innocent stakeholder asserting interpleader is generally entitled to be awarded attorneys' fees and costs. (*Id.* at 5-6.) Plaintiff argues in particular that it has acted appropriately, in good faith, and with diligence in bringing this action before the Court. (*Id.*)

Third, Plaintiff argues that it should be dismissed from this action and discharged from liability given that Defendants have not asserted counterclaims against it, there are no allegations that it is independently liable to Defendants, and it seeks to deposit the insurance policy proceeds into the Court Registry. (*Id.* at 6-7.)

### 2. Defendant Seagrove's Opposition Memorandum of Law

Generally, in opposition to Plaintiff's motion, Defendant Seagrave argues that Plaintiff should not be awarded attorneys' fees and costs from the insurance policy proceeds because those fees do not exceed the ordinary cost of doing business as an insurance company. (Dkt. No. 23, at 2-3 [Def. Seagrove's Opp'n Mem. of Law].) More specifically, Defendant Seagrove argues that Plaintiff has not explained how the expenses of filing the interpleader action exceed the ordinary cost of doing business as an insurance company given that interpleader actions are common, Plaintiff has not provided any unique services, there are no unique or complex issues in this action, Plaintiff has not been required to submit to significant discovery or motion practice, and the insurance policy proceeds are only a modest sum. (*Id.*)

In an affidavit, Defendant Seagrove's attorney clarifies that Defendant Seagrove does not object to Plaintiff's motion for depositing the proceeds with the Court, discharging Plaintiff from further liability, or the issuance of an injunction from bringing any further legal action against Plaintiff; rather, she objects only to the request for attorneys' fees and costs. (Dkt. No. 24, at ¶ 6 [Cullum Aff.].)

### 3. Plaintiff's Reply Memorandum of Law

Generally, in reply to Defendant Seagrove, Plaintiff argues that it should be awarded attorneys' fees and costs from the insurance policy proceeds because this case involves circumstances outside of the scope of a normal interpleader action and Plaintiff's ordinary course of business. (Dkt. No. 26, at 1-5 [Pl.'s Reply Mem. of Law].) More specifically, Plaintiff argues that it was required to contact Defendant Estate's attorney several times about whether Defendant Estate would be filing an appearance and responsive pleadings, that it was required to file multiple status reports related to Defendant Estate's failure to appear, and that it was required to draft initial disclosures and a civil case management report, and participate in case planning meetings as a result of Defendant Estate's delay in filing its appearance. (*Id.*) Plaintiff argues that these actions were beyond what it experiences in its daily business and outside its control and therefore it should be entitled to reasonable attorneys' fees and costs.

In a declaration, Plaintiff's attorney stated that the requested total of attorneys' fees and costs has risen to $16,970.60 as a result of work done since it filed its motion. (Dkt. No. 26, Attach. 1, at ¶ 11 [Bernstein Decl.].)

## II.     LEGAL STANDARD GOVERNING PLAINTIFF'S MOTION

An interpleader "is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." *Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173, 177 (S.D.N.Y. 2002) (citing *Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 [2d Cir. 1993]).  Whether an interpleader action is brought pursuant to rule or statute, courts apply a two-step approach in evaluating the claim. *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013).  In the first step, "the Court determines whether the jurisdictional requirements of Section 1335 have been met and, if it finds they have been, the Court discharges the plaintiff from liability." *New York Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 716 (E.D.N.Y. 2012); *see also Hartford Life Ins. Co. v. Einhorn ex rel. Estate of Mehring*, 452 F. Supp. 2d 126, 130 (E.D.N.Y. 2006) ("First, the Court must determine whether the pre-requisites for an interpleader action ... are satisfied.").  In the second step, "the Court adjudicates the claims among the remaining adverse parties." *New York Life Ins. Co.*, 841 F. Supp. 2d at 717.

Section 1335(a) of Title 28 of the United States Code states that "[t]he district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in its custody or possession money or property of the value of $500 or more . . . if (1) Two or more adverse claimants of diverse citizenship . . . are claiming to be entitled to such money or property . . . and if (2) the plaintiff has deposited such money or property . . . into the registry of the court." 28 U.S.C. § 1335(a).  Courts in this Circuit have held that, in order to show that an interpleader action is proper, the plaintiff must allege that (a) it is in possession of a single fund of value greater than $500, (b) there is a real

and reasonable fear of double liability or vexatious, conflicting claims, and (c) it has or is depositing the fund with the court. *See Apostolidis*, 841 F. Supp. 2d at 716 (E.D.N.Y.) (collecting cases).

III. **ANALYSIS**

    A. **Whether Plaintiff Has Sufficiently Alleged Jurisdiction Under 28 U.S.C. § 1335**

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 11, Attach. 1, at 3-5 [Pl.'s Mem. of Law].) The Court notes that neither Defendant has opposed Plaintiff's assertion that it satisfies all the requirement of jurisdiction for an interpleader claim. The Interpleader Complaint sufficiently alleges that the amount of the insurance policy proceeds exceeds $500 and that there is a reasonable fear of incurring double liability or conflicting claims from Defendants given that they both claim to be entitled to the insurance policy proceeds and Plaintiff does not know which Defendant is the proper beneficiary; Plaintiff also seeks permission to deposit the insurance policy proceeds with the Court. *Apostolidis*, 841 F. Supp. 2d at 716; *see also Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 320 (S.D.N.Y. 2014) (finding that interpleader was appropriate because Plaintiff alleged that it had a real and reasonable fear of double liability based on its uncertainty as to which claimant was entitled to payment). Additionally, Plaintiff has alleged that Defendants have diversity of citizenship and neither the evidence nor Defendants contradict that allegation. The Court therefore finds that Plaintiff has satisfied the conditions for establishing jurisdiction over this interpleader action and for granting Plaintiff's request to deposit the insurance policy proceeds with the Court, discharge it from further liability under the policy, and dismiss it from this action.

**B. Whether Plaintiff Is Entitled to Attorneys' Fees and Costs from the Insurance Policy Proceeds**

After careful consideration, the Court answers this question in the negative for the reasons stated in Defendant Seagrove's opposition memorandum of law. (Dkt. No. 23, at 2-3 [Def. Seagrove's Opp'n Mem. of Law].) To those reasons, the Court adds the following analysis.

A court has discretion to award reasonable attorneys' fees and costs in an interpleader action to "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989). However, "'the decision to award fees and costs is left to the sound discretion of the district court,' and 'courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business.'" *Gilmore*, 45 F. Supp. 3d at 320 (quoting *Metropolitan Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 104 [E.D.N.Y. 2013]). Courts in this Circuit routinely decline to award attorneys' fees and costs to insurance companies in interpleader actions because "minor problems that arise in the payment of insurance policies must be expected and the expenses incurred are part of the ordinary course of business." *Gilmore*, 45 F. Supp. 3d at 320 (collecting cases); *see also PVH Corp. v. Houle*, 16-CV-1401, 2017 WL 991107, at *2 (S.D.N.Y. Feb. 15, 2017) (declining to award attorneys' fees because "resolution of conflicting claims to benefits is clearly an activity [plaintiff] must undertake in its ordinary course of business," the case involved no complicated issues, unique problems, discovery, or motion practice, and the amount requested was excessive given the modest size of the benefit fund); *Metro. Life Ins. Co. v. DeSabio*, 15-CV-0691, 2016 WL 397893, at *1 (W.D.N.Y. Feb. 1, 2016) (finding plaintiff not entitled to attorneys' fees where, even if the issues in the case would be complicated, plaintiff was dismissed prior to any briefing of those issues, and where plaintiff has

not shown that any actions increased the ordinary cost of doing business, noting in particular that needing to draft papers related to the appointment of the guardian ad litem was not unusual for an interpleader action, and that the amount of fees requested was nearly 7% of the total insurance proceeds, a sum that the court found to be excessive); *Wilton Reassurance Life Co. of New York v. Garbrecht*, 13-CV-5536, 2015 WL 1011714, at *3-4 (S.D.N.Y. Mar. 9, 2015) (refusing to grant attorneys' fees because the actions in the interpleader action did not exceed the ordinary cost of doing business); *Hartford Life Ins. Co. v. Pottorff*, 13-CV-0077, 2014 WL 1393751, at *6-7 (N.D.N.Y. Apr. 9, 2014) (D'Agostino, J.) (finding attorneys' fees not warranted because the case involved a straightforward interpleader action without incurrence of any unique expenses exceeding the ordinary cost of doing business as an insurance company).

Thus, the normal costs of pursuing an interpleader action are considered part of the ordinary cost of doing business for an insurance company and Plaintiff cannot recover those costs. The only expense that Plaintiff alleges is beyond those typical costs is the work done related to determining whether Defendant Estate was going to file an appearance or responsive pleadings. However, Plaintiff has not explained how such basic actions exceed the ordinary cost of doing business. The fact that Plaintiff may have had to spend additional time in this case compared to others does not give rise to an automatic inference that such additional time is an expense outside the ordinary cost of doing business. *See DeSabio*, 2016 WL 397893, at *1 (finding Plaintiff not entitled to attorneys' fees, noting in particular that needing to draft papers related to the appointment of the guardian ad litem was not unusual for an interpleader action). After reviewing the time sheets submitted by Plaintiff, the Court notes that the only entries that appear to be related to these issues constitute approximately an hour of the total time billed; the rest of the entries are directly related to filing the

interpleader action, preparing the papers related to Plaintiff's motion, or typical case management activities. (Dkt. No. 11, Attach. 4, at 3, 6; Dkt. No. 26, Attach. 2, at 3-4.) Similarly, Plaintiff's allegation that it should be entitled to recover additional costs related to case management activities while waiting for Defendant Estate to appear and file a responsive pleading is similarly unpersuasive because those activities are merely a normal part of an interpleader action. Plaintiff simply has not shown that it has incurred expenses beyond the ordinary cost of doing business in this interpleader action.

Other factors also weigh in favor of denying Plaintiff's motion for attorneys' fees and costs from the insurance policy proceeds. Based on the information currently available, this litigation will involve a fairly straightforward determination of whether Defendant Seagrove's entitlement to the policy was revoked by virtue of the divorce settlement between her and the decedent, and, in any event, Plaintiff has not been required to engage in any significant discovery or briefing of the merits in this case. *See Houle*, 2017 WL 991107, at *2 (declining to award attorneys' fees in part because the case involved no complicated issues, unique problems, discovery, or motion practice); *DeSabio*, 2016 WL 397893, at *1 (finding Plaintiff not entitled to attorneys' fees where, even if the issues in the case would be complicated, plaintiff was dismissed prior to any briefing of those issues). Plaintiff's request for attorneys' fees and costs also represents a significant proportion of the modest-sized insurance policy proceeds at issue in this action; the total amount of the insurance policy proceeds is $103,746.29, and Plaintiff now requests a total of $16, 970.60 in attorneys' fees and costs, which is approximately 16% of the proceeds. *See DeSabio*, 2016 WL 397893, at *1 (noting that the amount of fees requested was nearly 7% of the total insurance proceeds, a sum that the court found to be excessive).

For all of the above reasons, the Court denies Plaintiff's request for payment of attorneys' fees and costs from the insurance policy proceeds.

### C. Whether Plaintiff is Entitled to an Injunction from Further Suit

After careful consideration, the Court answers this question in the affirmative. Section 2361 of Title 28 of the United States Code states that, "[i]n any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361. A district court also has the ability to "discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." *Id.* Other courts have found it appropriate to enjoin defendants from instituting or maintaining actions against a plaintiff insurance company related to the proceeds at issue in an interpleader action. *See Hartford Life Ins. Co. v. Simonee*, 14-CV-7520, 2016 WL 6956726, at *4 (E.D.N.Y. Nov. 9, 2016) (collecting cases in which courts have granted similar injunctive relief, and enjoining the defendants from instituting or prosecuting any proceeding against plaintiff with respect to the policy benefits); *Gilmore*, 45 F. Supp. 3d at 319-20 (issuing an order restraining the defendants from instituting or prosecuting any proceedings affecting the policy proceeds until further order of the court).

Because Plaintiff has admitted that it is liable to one of Defendants as to the insurance policy proceeds, has agreed to deposit the insurance policy proceeds with the Court, and there is no evidence that Plaintiff is otherwise independently liable to Defendants, the Court finds it proper to grant Plaintiff's unopposed request to enjoin Defendants from pursuing further legal action against Plaintiff as to the insurance policy proceeds.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion (Dkt. No. 11) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff is to deposit the $103,746.29 amount of the insurance policy proceeds with the Clerk of Court; and it is further

**ORDERED** that Plaintiff is discharged from liability under the insurance policy and is **DISMISSED** from this action with prejudice; and it is further

**ORDERED** that Defendants are **ENJOINED** from pursuing further legal action against Plaintiff as to the insurance policy proceeds.

Dated: February 28, 2019
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge